THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00008-MR

| | |
|---|---|
| JARRET LEE DOCKERY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement [Doc. 11] and the Defendant's Motion for Summary Judgement [Doc. 13].

I. **BACKGROUND**

On April 18, 2014, the Plaintiff, Jarret Lee Dockery ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of November 14, 2007. The Plaintiff amended his alleged onset date to April 18, 2014. [Transcript ("T.") at 18]. The Plaintiff's claims were initially denied on August 1, 2014, [id. at 188], and again denied upon reconsideration on August 21, 2017. [Id. at 205]. On the Plaintiff's request, a hearing was held on March 21, 2019,

before an Administrative Law Judge ("ALJ"). [Id. at 18]. On June 10, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 31].

On November 25, 2019, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, (2019)

(internal quotation marks omitted); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since April 18, 2014, the amended alleged onset date. [T. at 20]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "degenerative disc disease, lumbar radiculopathy, lumbar/ facet arthropathy, multilevel degenerative spondylosis, degenerative spondylolisthesis, peripheral neuropathy, depression, and anxiety." [Id. at 21]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals

6

the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except he is able to occasionally climb and balance but never stoop, kneel, squat and craw; he is able to frequently but not continuously use his bilateral upper extremities for reaching in all directions, including overhead but he must avoid workplace hazards; he is able to follow short, simple instructions and perform routine tasks but he is not able to perform work requiring a production rate or demand pace; he is able to sustain attention and concentration for two hours at a time and he is able to perform work with frequent but not continuous contact or interaction with supervisors, co-workers and the public.

[Id. at 23].

At step four, the ALJ identified the Plaintiff's past relevant work as a forklift operator, material handler, warehouse worker, and counter attendant. [Id. 29]. The ALJ determined, however, that the Plaintiff "is unable to perform any past relevant work." [Id.]. At step five the ALJ concluded, that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including marker, routing clerk, and order caller. [Id. at 30]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from April 18, 2014, the alleged onset date, through July 10, 2019, the date of the decision. [Id. at 31].

7

## V. DISCUSSION[1]

The Plaintiff presents two related assignments of error. The Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to properly weigh the opinions of NP Dyer, Plaintiff's treating nurse practitioner, and consulting examiner ("CE") Dr. Bevis. [Doc. 12 at 7–12].

The RFC representants "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all of the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports [her] conclusion and build an accurate and logical bridge from that evidence to [her] conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189. An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities,

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

observations)." Mascio, 780 F.3d at 636 (citing Social Security Ruling 96-8p).

The ALJ must address each "medical opinion" in the claimant's record and include a weight given to each opinion regardless of the source of the opinion. Woods, 888 F.3d at 695. Medical opinions are statements from physicians and psychologists "that reflect judgments about the nature and severity of [an individual's] impairment(s), including [] symptoms, diagnosis and prognosis, what [the individual] can still do despite [the] impairment(s), and [] physical or mental restrictions." 20 C.F.R. § 416.927; see also SSR 06-03p. The statements may be submitted by acceptable medical sources, including treating sources and consultative examiners. SSR 96-5.

When the ALJ is evaluating and weighing medical opinions the ALJ should consider multiple factors, including (1) the examining relationship, (2) the treatment relationship, including the length of the relationship and the frequency of examination and the nature and extent of the relationship; (3) supportability; (4) consistency; (5) specialization; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416(c)(1)–(6) ("[W]e consider all of the following factors in deciding the weight we give to any medical opinion.").

The regulations require "ALJs to consider *all* of the enumerated factors in deciding what weight to give to a medical opinion." Arakas v. Comm'r, Soc.

9

Sec. Admin., 983 F.3d 83, 107 n.16 (4th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)) (emphasis in original). The Fourth Circuit recently considered the extent to which these factors must be considered in reference to a treating physician's opinion. In Dowling v. Commissioner of Social Security Administration, the Fourth Circuit held that although "an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion." Dowling v. Comm'r of SSA, __F.3d. __, 2021 WL 203371, at *5 (4th Cir. Jan. 21, 2021). The Fourth Circuit remanded the case for consideration of the each of the factors. Id.

Dr. Bevis is a consulting examiner and therefore his opinion is a "medical opinion" which the ALJ must properly weigh. 20 C.F.R. §§ 404.1527(c), 416(c). Dr. Bevis examined the Plaintiff once and performed a psychological evaluation and provided an opinion as to the Plaintiff's ability to perform certain tasks. [T. at 556]. Dr. Bevis concluded that the Plaintiff "is capable of understanding and following instructions that do not require physical effort beyond his capabilities" and "is capable of relating to fellow workers and supervisors for shorter periods of time." [Id. at 559]. Dr. Bevis also stated that the Plaintiff "is experiencing significant long-term problems

with chronic pain, loss of physical energy and stamina, and significantly depressed moods. He will experience significant difficulties tolerating normal stressors, pressures, and demands associated with gainful employment at this time." [Id.].

The ALJ gave "great weight" to Dr. Bevis's opinion regarding the Plaintiff's ability to understand and follow instructions and relate to supervisors and co-workers. [Id. at 27]. However, the ALJ also found that the Dr. Bevis's conclusion's regarding the Plaintiff's "significant difficulty tolerating normal stressors, pressures and demands associated with gainful employment is not supported by any objective findings." [Id.]. The ALJ concluded that the finding was not supported because "the [Plaintiff] reported doing well overall and stated his anxiety was generally under control without medication." [Id.].

This evidence of Plaintiff's report, however, does not contradict or undermine Dr. Bevis' finding on this point. Dr. Bevis stated that because of the Plaintiff's long-term pain and depressed mood, the Plaintiff would have difficulty "tolerating normal stressors, pressures, and demands associated with gainful employment." [T. at 559]. This is not contradicted by the fact that the Plaintiff said that "his anxiety was generally under control" as depression and anxiety are different ailments. In one of the treatment notes which the

11

ALJ cited as contradicting evidence because the Plaintiff felt well overall, the Plaintiff also stated that he felt depressed. [Id. at 505]. As the ALJ does not cite to this information the Court is "left to guess" about whether or not the ALJ considered this evidence, and if it was considered, how it was considered. Mascio, 780 F.3d at 637. Furthermore, "[b]ecause symptoms of mental illness may wax and wane over the course of treatment, the fact that [the plaintiff]" did not consistently exhibit certain symptoms is "not inconsistent with the conclusion that [he] is unable to work." Testamark v. Berryhill, 736 Fed. App'x 395, 398–99 (4th Cir. 2018). Thus, the fact that the Plaintiff's symptoms were not present at all times does not negate the relevance of the occasions when the Plaintiff demonstrated symptoms of depression. [T. at 558, 570, 688].

"Further, it is an elemental principle of administrative law that agency determinations must 'be made in accordance with certain procedures which facilitate judicial review.'" Dowling, __ F.3d. at __, 2021 WL 203371, at *6 (quoting Patterson v. Comm'r of SSA, 846 F.3d 656, 662 (4th Cir. 2017)). One such procedure is the requirement that the ALJ consider all of the enumerated factors in the regulations in deciding the weight to give any medical opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416(c)(1)–(6). In this

case, the ALJ did not engage in a meaningful discussion of the factors so as to facilitate judicial review. Mascio, 780 F.3d at 637.[2]

Because the Court cannot determine whether the ALJ properly evaluated the opinions of record, the Court cannot say that the Plaintiff's RFC was properly addressed or that the ALJ's ultimate decision was supported by substantial evidence. Monroe, 826 F.3d at 191; Patterson, 846 F.3d at 662–63 (remanding and noting that "because [the Court] cannot gauge the propriety of the ALJ's [ ] assessment, [the Court] cannot say that substantial evidence supports the ALJ's denial of benefits"). Remand is, therefore, necessary to allow the ALJ to consider Dr. Bevis's medical opinion in light of each of the Section 416(c) factors. See Dowling, __ F.3d. at __, 2021 WL 203371, at *6.

## VI. CONCLUSION

The Court expresses no opinion as to whether the ALJ is correct in the determination that the Plaintiff is not disabled or in the determination that Dr.

---

[2] In the Plaintiff's other assignment of error, the Plaintiff alleges that the ALJ did not adequately explain the weight given to NP Byer's opinion. As the Court finds that remand is necessary on the Plaintiff's other assignment of error, the Court does not address this issue. However, the Court notes the regulations state that the factors used to evaluate medical opinions should be used to help explain the weight given to other opinions, like those of nurse practitioners. 20 CFR §§ 404.1527(f)(2), 416.927(f)(2); SSR 06-03p; Jones v. Berryhill, 681 F. App'x 252, 256 (4th Cir. 2017) (noting that that ALJs should explain the weight given to opinions from other sources).

Bevis's opinion regarding the Plaintiff's ability to tolerate workplace stressors is entitled to little weight. However, the reviewing Court cannot be left to guess as to how the ALJ arrived at her conclusions. The Plaintiff is entitled to have all medical opinions properly considered and have the ALJ explain how she arrived at her conclusion as to the weight given to each opinion. On remand the ALJ should provide a record that gives clear reasons for the weight assigned to each opinion based on the factors in 20 C.F.R. § 416(c).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**, and that the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Signed: February 13, 2021

Martin Reidinger
Chief United States District Judge